UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES GARRETT AND LEVI GARRETT,<br><br>Defendants. | 3:23-CV-03007-RAL<br><br><br>MEMORANDUM OPINION AND ORDER ON MOTION TO COMPEL PREDISCOVERY DISCLOSURES |

The Government complains that the Garretts have not provided their mandated pre-discovery disclosures. After multiple unsuccessful attempts to resolve the issue between the parties, the Government now moves to compel those required disclosures. Because initial disclosures are mandatory, and incomplete here, the Court grants the Government's motion.

BACKGROUND

The Government criminally charged the Garretts with making false and fraudulent statements for federal assistance.[1] A jury found James Garrett guilty on two

---

[1] *See* 18 U.S.C. §§ 1014, 1031.

1

counts, Levi Garrett guilty on one count, and acquitted them on the remaining six.[2] After the criminal trial, the Government commenced this civil action alleging the Garretts violated the False Claims Act based on the same operative facts.[3]

On August 7, 2024, the parties met for their Rule 26(f) conference[4] and agreed to complete their initial disclosures by September 6, 2024.[5] The district court approved that deadline.[6] September 6 passed with the Government providing its initial disclosures; but the Garretts have purportedly not reciprocated.[7] Since then, the Government has made four good-faith efforts to resolve the issue without court intervention to no avail.[8]

For their part, the Garretts claim that they satisfied their obligatory initial disclosures in May 2024 and during the Rule 26(f) conference.[9] The disclosures appear to be that the Garretts "do not know the names, or the phone numbers, or the addresses, of the people who were used as witnesses in the [c]riminal trial and might be used by [them] as witnesses at trial in this [c]ivil case," but that they "will probably use the same

---

[2] *United States v. Garrett*, No. 21-cr-30091, 2023 WL 3815388, at *1 (D.S.D. June 5, 2023).
[3] *See generally* Docket No. 1.
[4] Docket No. 23.
[5] Docket No. 24, at 5.
[6] Docket No. 26, at 2, ¶ 3.
[7] Docket No. 29, at 1, ¶¶ 4–5.
[8] Docket No. 29, at 1–3.
[9] *See* Docket No. 32, at 6, ¶ 21 ("Defendants provided initial disclosures in writing on May 16, 2024, providing valid points to discuss in connection with the parties' Rule 26(f) meeting."); *id.* at 7, ¶ 32 ("Defendants disclosed all the information they had, and showed in paragraph 25 [of their discovery plan] the 36 defenses they were considering to defend themselves from Plaintiff's Civil Complaint in this case.").

2

individuals as witnesses in this [c]ivil case as [the Government] did in the [c]riminal case."[10]

## ANALYSIS

Initial disclosures are not optional.[11] Federal Rule of Civil Procedure 26(a) demands that they be made. After an aggrieved party makes a good-faith effort to resolve another's failure to provide initial disclosures, that party may move for an order compelling the disclosures.[12] Any failure to follow a court's order risks sanctions.[13]

Rule 26(a)(1) lists the types of information that must be disclosed. It includes the name, address, and telephone number of individuals likely to have discoverable information—and documents in the disclosing party's control—that support that party's case.[14] These disclosures must be written, signed, and served—certifying that, to the best of the party's knowledge, the information is complete and correct.[15] The failure to fully investigate the case or challenges to the sufficiency of another party's disclosure are no excuse for skirting the rule's mandates.[16]

---

[10] *Id.* at 2, ¶¶ 4, 6.
[11] *Hoffman v. MJC Am., Ltd.*, No. 18-cv-04169, 2019 WL 4933526, at *5 (D.S.D. Oct. 7, 2019).
[12] Fed. R. Civ. P. 37(a)(1).
[13] Fed. R. Civ. P. 37(b)(2)(A).
[14] Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii).
[15] Fed. R. Civ. P. 26(a)(4); *see also* Fed. R. Civ. P. 26(g)(1).
[16] Fed. R. Civ. P. 26(a)(1)(E).

I.

The Garretts appear to lodge three responses to the Government's motion to compel but the crux of each focuses on the criminal case.

*Previously Disclosed Evidence*. The Garretts first maintain that they "do not know the names . . . of the people who were used as witnesses in the [c]riminal trial and might be used by [the Garretts] as witnesses at trial in this [c]ivil case."[17] And, they insist, "the documents, data compilations, and tangible things that [the Garretts] may use in the civil case are in the possession and control of the [Government] in the related criminal case."[18] Because the Government has the information from the criminal case, the Garretts contend that they have complied with their disclosure duties. The Court is unpersuaded—and for several reasons.

On the witness' names, rather than find those criminal disclosures,[19] the Garretts try to circuit the Rule 26(a)(1)(A) mandate by emphasizing the phrase *if known* in the rule. They assert that, since they apparently do not know their witness' names, they have satisfied the rule "to the best of their knowledge and ability."[20] But no worries, the Garretts say, they "will probably use the same individuals" again.[21]

---

[17] Docket No. 32, at 2, ¶ 4.
[18] Docket No. 30-1, at 8, ¶ 3.
[19] *See, e.g.*, Exhibit and Witness List at 5, *United States v. Garrett*, No. 21-cr-30091 (D.S.D. Oct. 21, 2022), ECF No. 79.
[20] Docket No. 32, at 2, ¶ 5.
[21] Docket No. 32, at 2, ¶ 6.

The Garretts misread Rule 26(a). The rule requires that parties disclose "the name and, *if known*, the address and telephone number of each individual likely to have discoverable information."[22] It first imposes a minimum obligation on the party to reveal the names of its witnesses. The rule secondarily, and if known, requires the witness' addresses and phone numbers. Failing to take that initial step to disclose their witness' names thus does not comply with the rule despite the Garretts' pledge that they do not know the names of the witnesses they divulged in their criminal case and who they may use here.

Besides, Rule 26(a)(1)(E) requires the disclosure of the information "reasonably available" to them. The attempt to pass the entire burden of discovery disclosures onto the Government because the Garretts refuse to locate the names, or documents, of their potential witnesses and evidence is unacceptable. The "major purpose" of Rule 26(a) disclosures is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information."[23] For the Garretts to tell the Government to sift through and figure out the pertinent information that would be immediately apparent from initial disclosures defies the rule's intent.

Although this action is a close cousin to the criminal case, it is still a separate action. To say—as the Garretts do—that they will *probably* call the same witnesses as in their

---

[22] Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).
[23] Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment.

criminal case falls short. Even now, the Garretts advance new claims in their civil case that they believe "open[] up new potential defenses in [False Claims Act] cases."[24] At the very least, novel defenses deserve disclosure.[25] They have also had more time to review the evidence and workshop arguments since their criminal case that may have expanded—or contracted—their theories here. It is then imperative that the Garretts disclose the witnesses and documents they plan to use for this civil action.

*Alleged Hypocrisy*. The Garretts claim second that the Government has failed to meet its initial disclosure obligations.[26] They do so without filing a reciprocal motion to compel. Their contention also conflicts with the Government's certification attesting it completed its initial disclosures.[27] No matter, Rule 26(a) specifically states that it is unacceptable to refuse to make initial disclosures because the opposing party has not made its disclosures.[28] The Garretts' excuse is no excuse.

*Supposed Standing Consent to Stay Civil Proceedings*. The Garretts claim last that the Government has previously agreed to several stays pending a final disposition of their criminal appeal. They have seemingly interpreted the Government's generosity to consent to those stays as a standing agreement to put the civil case on hold until the

---

[24] Docket No. 30-1, at 4, ¶ 27.
[25] *See* Docket No. 30-1, at 3–6; *cf.* Docket No. 31, at 4.
[26] Docket No. 32, at 3–4.
[27] Docket No. 29, at 1, ¶ 4; *see also* Docket No. 29-1.
[28] Fed. R. Civ. P. 26(a)(1)(E).

6

criminal appeals are completed.[29] And since they may still petition for a writ of certiorari with the Supreme Court, the civil case must remain stagnant.

Even if there were an agreement between the parties to pause the civil proceedings,[30] this contravenes the Garretts' own commitment to provide initial disclosures by September 6, 2024.[31] What's more, the district court ordered that all pre-discovery disclosures be exchanged on or before that day.[32] The Garretts' belief that they had an implicit understanding to halt proceedings does not trump their express promise to the contrary, much less the district court's disclosure order.

II.

As earlier mentioned, failing to abide by deadlines may result in sanctions to the offending party. While this civil case is still in its infancy, it is not the first time that the Garretts have struggled to timely comply with expectations.[33] The Garretts are forewarned, should the issue persist, opposing counsel or the Court may not be so forgiving.

**CONCLUSION**

Because Rule 26(a) disclosures are mandatory, and the Garretts have disregarded the rule's dictates, the Court grants the Government's motion to compel. Pointing to

---

[29] Docket No. 32, at 4, ¶¶ 13–14.
[30] *See* Docket No. 30-1, at 2, ¶¶ 17–18 (arguments from the Garretts in their 26(f)-discovery-report that *if* no agreement to stay the civil case could be arranged, then they would move for a stay).
[31] Docket No. 30-1, at 5, ¶ 10.
[32] Docket No. 26, at 2, ¶ 3.
[33] *See* Docket Nos. 24–25.

discovery done in a criminal case is no excuse for failing to abide by the rules in this civil action, regardless of whether the same operative facts are at issue. Challenging the sufficiency of opposing counsel's disclosures is no justification either. At any rate, the Garretts agreed to a September 6, 2024 deadline for pre-discovery disclosures, which the district court approved. They must now heed their representations.

## ORDER

For all these reasons and based on the authorities cited, it is

ORDERED that the Government's motion to compel[34] is GRANTED.

DATED this 22d day of November, 2024.

BY THE COURT:

*Mark A. Moreno*

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[34] Docket No. 27.